IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SUSAN LILLY, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 1:22-cv-00132 |
| | ) |
| – vs – | ) |
| | ) Demand for Jury Trial |
| JPMORGAN CHASE BANK, N.A., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND JURY DEMAND**

Plaintiff, SUSAN LILLY ("Plaintiff"), through her undersigned attorney, hereby alleges the following against Defendant, JPMORGAN CHASE BANK, N.A. ("Defendant"):

**Nature of the Action**

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone to collect an alleged debt in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq.*

2. The TCPA was legislated to prevent companies like JPMorgan Chase Bank, N.A. from invading Americans' privacy by curtailing abusive "robo-calls." The legislative history "described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings

presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255-56 (11th Cir. 2014).

## Parties

3. Plaintiff is a natural person residing, in the city of Fort Wayne, Allen County, Indiana and is *sui juris*.

4. Plaintiff is allegedly obligated to pay a debt and is a consumer, as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a nationally chartered consumer banking association with its company headquarters in Columbus, Ohio and Resident Agent located at 334 North Senate Avenue, Indianapolis, IN 46204.

6. Defendant acted though its agents, employees, officers, members, directors, corporate affiliates, heirs, successors, assignees, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 47 U.S.C. §227(b)(3) and 15 U.S.C. § 1692k(d), See, Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

8. Because Defendant conducts business in Indiana, this honorable Court has personal jurisdiction over the Defendant.

9. Venue is proper in the United States District Court for Northern District of Indiana pursuant to 28 U.S.C § 1391(b)(2) because Plaintiff resides within this district and a substantial part of the events or omissions giving rise to the herein claims occurred within this district.

## Factual Allegations

10. Defendant placed collection calls to Plaintiff seeking and attempting to collect on a disputed credit card debt.

11. Plaintiff is the "called party." See Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265 (11th Cir. 2014).

12. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (260) XXX-7076.

13. Defendant placed collection calls to Plaintiff from its many telephone numbers including, but not limited to, (614) 890-1025, (210) 520-0457 and (210) 520-1454.

14. Upon information and belief, based on the volume, frequency and timing of the calls, and on Defendant's prior business practices, Defendant's calls were placed with an automatic telephone dialing system.

15. Defendant used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff.

16. Defendant's calls were not for emergency purposes, which would be excepted from liability by 47 U.S.C. § 227(b)(1)(A).

17. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

18. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

19. On June 7, 2021, Plaintiff sent Defendant a letter, through US first class mail with certified delivery, identifying herself with her full name, last 4 digits of social security number, full cell phone number and full account number. Such revocation letter was received by Defendant at its corporate headquarters on June 14, 2021.

20. In her letter to Defendant, Plaintiff indicated she was represented by Recovery Law Group, APC with regards to the account Defendant was trying to collect, provided Defendant her attorney's telephone number, and requested Defendant stop calling her cellular phone.

21. As of June 14, 2021, Plaintiff revoked any consent, explicit, implied, or otherwise, that Defendant could have to call her cellular telephone using an automatic telephone dialing system.

22. Despite Plaintiff's request to cease, Defendant continued to place calls to Plaintiff's cellular phone using an automatic telephone dialing system and a prerecorded voice after June 14, 2021.

23. Despite Plaintiff's request Defendant cease placing automated collection calls to Plaintiff, Defendant continued to place at least fifty-five (55) telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system.

24. Defendant diligently continued to call Plaintiff's cell phone multiple times each day.

25. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

26. Defendant would use a pre-recorded voice when calling Defendant.

27. Defendant would leave pre-recorded messages for Plaintiff.

28. Defendant's autodialing machine contains the capacity to randomly and sequentially generate and dial numbers.

29. Plaintiff was contacted repeatedly regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant.

30. Defendant's calls were frequent in nature and continued despite receiving written notice that Plaintiff was represented by an attorney and that all calls to Plaintiff's cellular phone were to stop.

31. Defendant placed the great number of telephone calls to Plaintiff with the sole intention of harassing Plaintiff in such a manner as to cause Plaintiff to pay the alleged debt claimed by Defendant, even when Plaintiff admittedly had impaired ability to pay the disputed debt. This telephonic harassment caused Plaintiff considerable anxiety and emotional distress.

32. Plaintiff's alleged debt with Defendant arises from a transaction for personal, family, and household purposes.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. §227(b)(3)(B)**

33. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-32.

34. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

35. As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

36. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

**WHEREFORE**, Plaintiff, Susan Lilly, respectfully requests judgment be entered against Defendant, Gold Star Finance, Inc. as follows:

a. Awarding Plaintiff statutory damages of five hundred dollars ($500.00) multiplied by the number of negligent violations of the TCPA alleged herein, to wit: fifty-five (55) for a total of twenty-seven thousand five hundred dollars ($27,500.00);

b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

c. Granting Plaintiff such other and further relief as may be just and proper.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. § 227(b)(3)(C)

37. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-32.

38. The above listed acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

39. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled an award of one thousand five hundred dollars ($1,500.00) in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

40. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

**WHEREFORE**, Plaintiff, Susan Lilly, respectfully requests judgment be entered against Defendant, JPMorgan Chase Bank, N.A. as follows:

a. Awarding Plaintiff statutory damages statutory damages of one thousand five hundred dollars ($1,500.00) multiplied by the number of knowing and/or willful violations of TCPA alleged herein, to wit: fifty-five (55) for a total of eighty-two thousand five hundred dollars ($82,500.00);

b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

c. Granting Plaintiff such other and further relief as may be just and proper.

### THIRD CAUSE OF ACTION - DEFENDANT INTRUDED UPON PLAINTIFF'S SECLUSION CAUSING ACTUAL DAMAGES

41. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-32.

42. The Restatement of the Law, Second, Torts §652B defines intrusion upon seclusion as, "[o]ne who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

43. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

44. Defendant intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

45. Defendant intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in collecting its debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

46. Plaintiff has a reasonable expectation of privacy in her solitude, seclusion, and/or private concerns and affairs.

47. These intrusions and invasions against Plaintiff by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

48. Defendant received notice stating that it was no longer to contact Plaintiff, as she was represented by counsel, and revoked her consent to be contacted on her cellular telephone.

49. As a result of such invasions of privacy, Plaintiff is entitled to actual damages from Defendant in an amount to be determined at trial.

## JURY TRIAL DEMAND

40. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated, April 18, 2022

By: */s/ Desirae Bedford*
Desirae Bedford
RECOVERY LAW GROUP, APC
55 E. Monroe Street, Suite 3800
Chicago, IL 60603
847-250-1167 (tel.)
872-250-9797 (fax)
dbedford@recoverylawgroup.com

*Attorney for Plaintiff, Susan Lilly*